IN THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § § | Chapter 11<br>Case No. 14-60041 |
| BUCCANEER RESOURCES, LLC, et al., | | |
| Debtors. | | |
| | | |
| CURTIS BURTON. | § § § § § § § § § § § § § § | Adv. Pro. No. 15-06006 |
| Plaintiff. | | |
| vs. | | |
| MERIDIAN CAPITAL INTERNATIONAL FUND, MERIDIAN CAPITAL CIS FUND, FRED M. TRESCA, RANDY A. BATES, BRANTA II, LLC | | |
| Defendants. | | |

**CURTIS BURTON'S RESPONSE IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO ENFORCE PLAN INJUNCTION AND ENJOIN STATE COURT SUMMARY JUDGMENT PROCEEDING**

COMES NOW Plaintiff Curtis Burton ("Burton") and files this Response in Opposition to the Emergency Motion to Enforce Plan Injunction and Enjoin State Court Summary Judgment Proceeding filed by Meridian Capital International Fund, Meridian Capital CIS Fund (Meridian Defendants are collectively "Meridian"), Fred M. Tresca ("Tresca") Randy A. Bates ("Bates") and Branta II LLC (collectively Tresca, Bates and Branta are "Branta" unless identified separately) and shows the Court as follows:

## I. BURTON DID NOT AMEND HIS PLEADINGS

Clearly unhappy that this Court and the Fifth Circuit remanded Burton's conspiracy and tortious interference claims to state court, Defendants are attempting to hamstring Burton's state court case by filing this "Emergency Motion" based solely on the factual allegations in Burton's Motion for Summary Judgment.

This Court made it clear that Defendants could file a motion in this Court if Burton amended his pleadings "in an effort to reassert some of the claims that have been deleted from the Petition." Burton has not amended his pleadings in any way and is asserting the same claims this Court and the Fifth Circuit remanded to state court. The only way Burton can pursue these claims is to set forth the facts that occurred before and after Defendants tortuously interfered with Burton's contract.

For example, in the same hearing quoted in Defendants Motion, counsel for Burton made it clear that while Burton's claims are limited, they arise from the same set of facts as the bankruptcy claims:

> MR. STACY: I – we've established and Judge Isgur pointed out in that *Dexterity Surgical* case that direct injury to Mr. Burton and derivative injury to Buccaneer can all arise from the same facts. That's okay.
>
> THE COURT: All right.

(*See* Ex. A, page 14).

What Defendants want this Court to do is to limit Burton's ability to explain to the state court judge, and the jury, the facts surrounding Defendants' tortious interference with Burton's contract. This is especially troubling in light of the Fifth Circuit's holing that bankruptcy court lacks jurisdiction over Burton's tortious interference claim: "Because the tortious interference

claim alleging a direct injury to Burton is not property of the estate, there is no basis for bankruptcy court jurisdiction." *Matter of Buccaneer Res., L.L.C.*, 912 F.3d 291, 297 (5th Cir. 2019).

## II.     FIFTH CIRCUIT ALLOWED BURTON'S CONSPIRACY ALLEGATIONS

It is important to note that the hearing conducted by this Court occurred before the Fifth Circuit allowed Burton to move forward on his conspiracy allegation against Defendants. Currently, Burton has to plead and prove all the elements of civil conspiracy, including: (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

The only way Burton can prove his conspiracy claim is to set forth the facts of the conspiracy. Defendants Emergency Motion is asking this Court to rule that Burton cannot allege the facts of the conspiracy in state court, thus requiring the state court judge to dismiss the conspiracy allegation. Defendants are attempting to use this Court to dismiss a claim the Fifth Circuit ruled Burton could prosecute in state court.

## III.    FACTUAL ALLEGATIONS ARE NOT INJURIES

Defendants confuse factual allegations with the injuries sought by Burton. As the Fifth Circuit explained, the key to Burton's state court claims are the injuries alleged by Burton, not the facts leading up to the injuries:

> Unlike these derivative injuries, the harm to Burton from an improper firing without the required severance does not depend on any harm to the debtor. In fact, the termination of his employment contract may have saved Buccaneer money. Meridian says it did. The injury to Burton flowed through Buccaneer's actions—allegedly taken at Meridian's request—but not through an injury to the debtor. Viewed another way, there is no reason why the estate should

3

>   recover for a third party's tortious conduct that did not injure the bankrupt company.

*Matter of Buccaneer Res.,* L.L.C., 912 F.3d 291, 294 (5th Cir. 2019)(*See* Ex. B).

The Fifth Circuit held that Burton owns the claims remanded to state court solely because of his injuries: "Because the tortious interference claim Burton presses is based on an injury that is independent of any injury to the debtor, it belongs to him."

### IV. FEES AND COSTS SHOULD BE AWARDED TO BURTON

There is nothing to support Defendants' Emergency Motion and it lacks merit. It was only filed to prevent the state court from ruling on Burton's Motion for Summary Judgment. This is evidenced by Defendants counsel's refusal to meet-and-confer on the issues raised in Defendants' Motion. Defendants' counsel sent Burton's counsel an email claiming Burton's Motion for Summary Judgment crossed the line. (*See* Ex. C). The email set forth no examples of how the Motion allegedly crossed the line. *Id*. In response, Burton's counsel asked for a meet-and-confer or details as to how Burton's Motion crossed the line. Instead of discussing the issues with Burton's counsel, Defendants filed their Emergency Motion.

Burton respectfully requests this Court award Burton all attorneys' fees and costs associated with responding to Defendants' improper Motion.

### V. PRAYER

For these reasons, Burton, asks this Court to deny Defendants' Emergency Motion, without a hearing, and to award Burton all attorneys' fees and costs associated with responding to Defendants' improper Motion.

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES, LLP**

 */s/ Rusty Hardin*
Rusty Hardin
State Bar No. 08972800
rhardin@rustyhardin.com
Terry D. Kernell
State Bar No. 11339020
tkernell@rustyhardin.com
Ryan Higgins
State Bar No.
rhiggins@rustyhardin.com
Daniel R. Dutko
State Bar No. 24054206
ddutko@rustyhardin.com

5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile:   (713) 652-9800

**ATTORNEYS FOR CURTIS BURTON**

## **CERTIFICATE OF SERVICE**

I certify that on December 13, 2019, a true and correct copy of the document above was served through the electronic filing manager in compliance with Texas Rule of Civil Procedure 21a on all currently listed counsel of record, as identified below:

| | |
|---|---|
| John Zavitsanos<br>jzavitsanos@azalaw.com<br>Weining Bai<br>wbai@azalaw.com<br>AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING PC<br>1221 McKinney Street, Suite 2500<br>Houston, Texas 77010 | Collin D. Kennedy<br>cdk@hanshawkennedy.com<br>Anna L. Wortham<br>alw@hanshawkennedy.com<br>HANSHAW KENNEDY HAFEN, LLP<br>1415 Legacy Drive, Suite 250<br>Frisco, Texas 75034 |
| Tom Kirkendall<br>bigtkirk@kir.com<br>LAW OFFICE OF TOM KIRKENDALL<br>2 Violetta Ct.<br>The Woodlands, Texas 77381<br><br>*Counsel for Defendants Meridian Capital International Fund and Meridian Capital CIS Fund* | Josh W. Wolfshohl<br>jwolfshohl@porterhedges.com<br>Aaron J. Power<br>apower@porterhedges.com<br>PORTER HEDGES LLP<br>1000 Main Street, 36th Floor<br>Houston, Texas 77002<br><br>*Counsel for Defendants Fred M. Tresca, Randy A. Bates, and Branta II LLC* |

*/s/ Rusty Hardin*
Rusty Hardin